UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JUAN KERBOW, Individually and for Others Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CASE NO. 2:16-CV-00410 |
| ADVANCED SOLIDS CONTROL, LLC. | § § | COLLECTIVE ACTION |
| Defendant. | § § | |

### DEFENDANT'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

Defendant Advanced Solids Control, LLC ("ASC"), files this Original Answer and Affirmative Defenses to Plaintiff's Complaint (the "Complaint").

### DEFENDANT'S ANSWER

### "SUMMARY"

Defendant admits it does not pay "overtime," as that term is used, defined and applicable to covered employees under the Fair Labor Standards Act ("FLSA"), to its independent contractors, including Plaintiff, but denies it is required to do so under the FLSA or otherwise. Defendant denies all other allegations contained in paragraph 1.

### "JURISDICTION AND VENUE"

Defendant admits this Court has federal question jurisdiction pursuant to 28 U.S.C § 1331 and 29 U.S.C. § 216(b) as alleged in paragraph 2 of the Complaint.

Defendant admits the Southern District of Texas is a proper judicial district for this action and that ASC maintains a principal place of business located in Corpus Christi, Texas, but denies all remaining allegations contained in paragraph 3 of the Complaint.

## "PARTIES"

Defendant denies the allegations contained in the first sentence of paragraph 4 of the Complaint. Defendant is without knowledge or information sufficient to form a belief about the truth of the second sentence contained in paragraph 4, but admits a Notice of Consent purporting to contain a signature by Plaintiff is attached to the Complaint.

Defendant admits the allegations contained in the first two sentences under paragraph 5 of the Complaint, but denies all remaining allegations contained in paragraph 5.

Defendant denies the allegations contained in paragraph 6 of the Complaint.

## "FACTS"

Defendants admit the allegations in paragraph 7 of the Complaint.

Defendants admit the allegations in paragraph 8 of the Complaint.

With respect to paragraph 9 of the Complaint, Defendant admits that it contracts with self-employed Centrifuge Technicians, who are highly skilled, knowledgeable and experienced, to provide centrifuge services on an independent contractor and project by project basis to third party oil and gas well-site operators, and admits that Defendant contracts with third party oil and gas well-site operators to provide centrifuge related equipment used and serviced by the Centrifuge Technicians at various well-sites. Defendant denies all other allegations contained in paragraph 9.

Defendant denies the allegations contained in paragraph 10 of the Complaint.

Defendant admits the centrifuge services provided to third party oil and gas operators are performed pursuant to independent contractor arrangements with self-employed Centrifuge Technicians, and that Defendant places importance on quality service and control regarding its business operations, but denies all other allegations contained in paragraph 11 of the Complaint.

Defendant denies the allegations contained in paragraph 12 of the Complaint.

Defendant denies the allegations contained in paragraph 13 of the Complaint.

Defendant denies the allegations contained in paragraph 14 of the Complaint.

Defendant denies the allegations contained in paragraph 15 of the Complaint.

Defendant denies the allegations contained in paragraph 16 of the Complaint.

Defendant denies the allegations contained in paragraph 17 of the Complaint.

Defendant admits it provides centrifuges and other equipment to third party oil and gas operators, such equipment is used by self-employed, independent Centrifuge Technician contractors and the centrifuge equipment supplied by ASC generally exceeds the value of the typical investment in equipment, tools, business assets and other business costs incurred by the Centrifuge Technicians, but Defendant denies all other allegations contained in paragraph 18 of the Complaint.

Defendant denies the allegations contained in paragraph 19 of the Complaint.

Defendant denies the allegations contained in paragraph 20 of the Complaint.

Defendant admits the self-employed Centrifuge Technician contractors are paid a contractually negotiated rate of compensation for centrifuge services rendered pursuant to Independent Contractor Agreements, but denies all other allegations contained in paragraph 21 of the Complaint.

Defendant denies the allegations contained in paragraph 22 of the Complaint.

Defendant denies the allegations contained in paragraph 23 of the Complaint.

Defendant denies the allegations contained in the first sentence under paragraph 24 of the Complaint.  Defendant admits it negotiates a rate Defendant will charge and collect from its third party oil and gas operator clients, but denies all other allegations contained in the second sentence of paragraph 24 of the Complaint.

001195/000006
141 - 2292022v1

Defendant admits ASC has a substantial capital investment in its business, including but not limited to various equipment and other business assets, and that ASC incurs operating expenses typical for its business, but denies all other allegations contained in the four sentences in paragraph 25 of the Complaint.

Defendant denies the allegations contained in paragraph 26 of the Complaint.

Defendant admits is receives and retains copies of invoices from and related payment records for services rendered by the self-employed Centrifuge Technicians, which includes the negotiated rate of compensation for the periods of centrifuge project work performed at an oil and gas operator well-site, but denies all other allegations contained in paragraph 27 of the Complaint.

With respect to paragraph 28 of the Complaint, Defendant admits it is aware of the FLSA, but denies the self-employed Centrifuge Technicians, including Plaintiff and any alleged "FLSA Class Members," are employees of Defendant or owed any overtime compensation under the FLSA by Defendant, and denies all other allegations contained in paragraph 28.

Defendant denies the allegations in paragraph 29 of the Complaint. Defendant did not agree to sign or sign any tolling agreement with regard to limitations in this case on August 30, 2016 or at any other time.

### "COLLECTIVE ACTION ALLEGATIONS"

Defendant denies the allegations contained in paragraph 30 of the Complaint.

Defendant denies the allegations contained in paragraph 31 of the Complaint.

### "CAUSE OF ACTION"

Defendants deny the allegations in paragraph 32 of the Complaint.

Defendants deny the allegations in paragraph 33 of the Complaint.

Defendants deny the allegations in paragraph 34 of the Complaint.

4

Defendants deny the allegations in paragraph 35 of the Complaint.

Defendants deny the allegations in paragraph 36 of the Complaint.

## "PRAYER"

Defendant is without knowledge or information sufficient to form a belief about the truth of the first six words of the Prayer and therefore, denies this allegation. Defendant denies paragraph items numbered one through five in the Prayer.

Defendant denies all allegations not specifically admitted herein.

## DEFENDANT'S AFFIRMATIVE DEFENSES

Subject to and without waiving the foregoing and the burden of proof Plaintiff is required to carry on each element of any claim asserted by him, Defendant makes the following affirmative defenses.

1. Defendant never employed Plaintiff nor had any kind of employment relationship with Plaintiff or any alleged "FLSA Class Members." At all times relevant to this lawsuit and allegations, Plaintiff and any alleged "FLSA Class Members" were self-employed and provided their services as independent contractors.

2. While Defendant denies Plaintiff or any alleged "FLSA Class Members" are entitled to any overtime compensation or other damages sought in this action, in the event some or all of the activities which allegedly form the basis of the Complaint are found to be compensable under the FLSA, Plaintiff is not entitled to recover liquidated damages because the purported acts and omissions complained of by Plaintiff were committed in good faith and Defendant has reasonable grounds for believing that such acts or omissions were not a violation of the FLSA.

3. While Defendant denies Plaintiff or any alleged "FLSA Class Members" are entitled to any overtime compensation or other damages sought in this action, in the event some

or all of the activities which allegedly form the basis of the Complaint are found to be compensable under the FLSA, the purported acts and omissions complained of by Plaintiff do not constitute willful acts of FLSA violations and were committed in good faith, in conformity with and in reliance on the administrative regulations of the Secretary of Labor and/or in reliance on the enforcement policy of the DOL's Wage and Hour Division and/or other applicable laws.

4.  Plaintiff's claim is not meritorious and is subject to dismissal to the extent it is *de minimis* in nature and thus, not cognizable under the FLSA.

5.  Some or all of Plaintiff's claims (and any claims by the alleged "FLSA Class Members") are barred by the limitations under 29 USC §255 and/or otherwise limited because Defendant did not engage in any willful violation under the FLSA.

6.  Plaintiff does not state a claim upon which relief may be granted under any theory.

7.  At all times relevant to this lawsuit, Defendant acted in good faith, without malice or intent, and did not violate any provision of any applicable law, rule, regulation, or guideline. At all times relevant to this lawsuit, Defendant had reasonable grounds for believing their actions were not in violation of any law, rule, regulation, or guideline.

8.  The damages alleged by Plaintiff and any alleged "FLSA Class Members" are not recoverable under the applicable statutory or common law.

9.  Some or all of the claims asserted in the Complaint may be untimely and/or barred by one or more contractual defenses, laches, waiver, unclean hands, and/or estoppel.

10.  Plaintiff and any alleged "FLSA Class Members" are barred from recovery on the grounds of estoppel, waiver, ratification and/or acquiescence.

11. Plaintiff and any alleged "FLSA Class Members" are not entitled to damages – liquidated, restitution, compensatory, punitive, or otherwise – based on the allegations against Defendant.

12. Neither Plaintiff nor the alleged "FLSA Class Members" are entitled to recover statutory attorneys' fees.

13. The putative "FLSA Class Members" do not meet the "opt-in class" standards and requirements to be certified as a collective action under 29 U.S.C. § 216(b). Plaintiff and any alleged "FLSA Class Members" were at all times properly classified as independent contractors, never employed by Defendant and not entitled to overtime compensation or any other relief under the FLSA.

14. Defendant denies that any of its employees or agents engaged in any wrongdoing which might have resulted in any injury to Plaintiff or the alleged "FLSA Class Members." However, even if such conduct did occur (which Defendant denies), said employees were not acting within the course and scope of their employment, and therefore, were not authorized agents of Defendant.

15. If Defendant prevails, Defendant seeks recovery of its attorneys' fees and costs incurred in defending this action, to the extent authorized by law.

## RIGHT TO AMEND

16. Defendant reserves the right to add additional affirmative defenses as they become known through further investigation and/or discovery.

001195/000006
141 - 2292022v1

PRAYER FOR RELIEF

For these reasons, Defendant, Advanced Solids Control, LLC, requests the Court to enter judgment that Plaintiff and any alleged "FLSA Class Members," take nothing, dismiss Plaintiff's Complaint with prejudice, assess costs against Plaintiff, and award Defendant all other relief the Court deems appropriate.

        Respectfully submitted,

        CRAIN, CATON & JAMES, P.C.

        By: *s/ Juliann H. Panagos*
        MICHAEL D. SEALE
        State Bar No. 00784938
        Federal ID No. 18556
        Email: mseale@craincaton.com
        JULIANN H. PANAGOS
        State Bar No. 06861100
        Federal ID No. 9083
        Email: jpanagos@craincaton.com
        1401 McKinney Street, Suite 1700
        Houston, Texas 77010
        Telephone: 713-658-2323
        Facsimile: 713-658-1921

        ATTORNEYS FOR DEFENDANT
        ADVANCED SOLIDS CONTROL, LLC

## CERTIFICATE OF SERVICE

I certify that a copy of Defendant's Answer and Affirmative Defenses was filed electronically with the Clerk via the CM/ECF system on the 2nd day of December 2016. Notice of this filing will be sent to the following counsel of record in the manner stated.

ELECTRONICALLY VIA THE CM/ECF SYSTEM:

David I. Moulton
Richard J. (Rex) Burch
BRUCKNER BURCH PLLC
8 Greenway Plaza, Suite 1500
Houston, Texas 77046

Michael A. Josephson
Andrew W. Dunlap
Lindsay R. Itkin
Fibrich, Leebron, Copeland, Briggs & Josephson, LLP
1150 Bissonnet
Houston, Texas 77005

*s/ Juliann H. Panagos*
Juliann H. Panagos

001195/000006
141 - 2292022v1